# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**CURTIS LENARDUS BELL, JR.**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-CR-279

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

On October 31, 2012, police attempted to pull defendant over for a traffic stop, when he sped away before eventually pulling over. Police detected a bulge under his arm which turned out to be 58 grams of crack. He also had $4,000 in his pocket.

Defendant was taken to the county jail, where he contacted his co-defendant and ex-wife, Katrina Bell, by phone and directed her to hide contraband. She was apprehended leaving his apartment with 800 grams of powder cocaine, $4,000 more dollars in cash, and two loaded guns and ammunition. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from defendant's continued criminal behavior based upon the unrebutted presumption to this effect. In the alternative, the court finds by clear and convincing evidence based on the facts discussed above, that no condition or combination of conditions will assure the safety of the community from defendant's continued criminal behavior and substance abuse. (Continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 20, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:12-cr-00279-PLM ECF No. 21 filed 11/26/12 PageID.40 Page 2 of 2

United States v. **CURTIS LENARDUS BELL, JR.**
1:12-CR-279
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

A search pursuant to a warrant of the defendant's house after that produced packaging material and a scale for weighing drugs. Defendant apparently told his co-defendant over the telephone that he wanted to get bond and then take care of the items she was later caught trying to remove.

Defendant is 31 years old and has worked intermittently for his uncle. He has smoked marijuana daily for the past 16 years.

Defendant's criminal record starts when he was 16 years old with a charge of assault and battery, and a subsequent charge of resisting and obstructing a police officer and malicious destruction of police property. The following year he was convicted of possession of marijuana and later of carrying a concealed weapon, and still later of being a felon in possession of a firearm, felony firearm, and reckless discharge of a firearm. A charge of assault with intent to commit murder was dismissed. After serving a term in prison, he was discharged from parole on March 16, 2003. Six months later defendant was charged with creating a disturbance which resulted in a short stay in jail. While awaiting sentencing on the creating a disturbance charge, defendant was also charged with assault and battery which resulted in a subsequent jail sentence.

While awaiting sentencing on the assault and battery charge, defendant was charged with being a felon in possession of a firearm for which he received a nine-month sentence.

The day he was sentenced for the felony firearm charge, he was also arrested for driving while license suspended, for which he received a 30-day sentence.

The following year defendant was convicted of delivery/manufacturing of marijuana.

Defendant continued being convicted of similar offenses (7).

**Part II - Written Statement of Reasons for Detention** - (continued)

Particularly notable is the fact that even when defendant was apprehended and placed in jail for possession of 58 grams of crack, he attempted to have his co-defendant conceal 800 grams of cocaine, cash and weapons, so that he could resume business when he got out on bond.