AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

# United States District Court

## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| -vs- | Case Number: 1:12-cr-279-01 |
| CURTIS LENARDUS BELL, JR. | USM Number: 16782-040 |
| | Christopher M. Gibbons<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Counts Two and Four of the Indictment.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| <u>Title & Section</u> | <u>Offense Ended</u> | <u>Count No.</u> |
|---|---|---|
| 21 U.S.C. § 841(a)(1) | November 1, 2012 | Two |
| 18 U.S.C. § 922(g)(1) | November 1, 2012 | Four |

<u>Nature of Offense</u>

Count Two - Possession With Intent to Distribute More Than 28 Grams of Cocaine Base
Count Four - Felon in Possession of Firearms and Ammunition

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts One, Three, and Five are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: August 5, 2013

DATED: August 8, 2013

  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 2
Defendant: CURTIS LENARDUS BELL, JR.
Case Number: 1:12-cr-279-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred forty-four (144) months on Count Two and one hundred twenty (120) months on Count Four, to be served concurrently**.

☒ The Court makes the following recommendations to the Bureau of Prisons:

That the defendant receive educational and vocational training opportunities.
That the defendant participate in anger management counseling.
That the defendant participate in cognitive behavioral therapy.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The Defendant shall surrender to the United States Marshal for this district:
    ☐ At _____ on _____.
    ☐ As notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ Before 2:00 P.M. on _____.
    ☐ As notified by the United States Marshal.
    ☐ As notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy United States Marshal

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 3
Defendant: CURTIS LENARDUS BELL, JR.
Case Number: 1:12-cr-279-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **eight (8) years on Count Two and three (3) years on Count Four, to be served concurrently**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐      The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7. The defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 4
Defendant: CURTIS LENARDUS BELL, JR.
Case Number: 1:12-cr-279-01

# SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

2.   The defendant shall refrain from all use of alcoholic beverages.

3.   The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his/her ability, as determined by the probation officer.

4.   The defendant shall provide the probation officer with access to any requested financial information.

5.   The defendant shall not apply for, nor enter into, any loan or other credit transaction without the approval of the probation officer.

6.   If the defendant is unemployed after the first 60 days of supervision, or for 60 days after termination or lay-off from employment, the defendant shall perform at least 20 hours of community service work per week, as directed by the probation officer, until gainfully employed full-time.

7.   The defendant must maintain legitimate full-time employment, as approved by the probation officer.

8.   The defendant shall not possess or be the primary user of any cellular phone without prior permission from the probation officer.  If given permission to use/possess a cell phone, the defendant must provide the number to the probation officer and the phone must be maintained in the defendant's name or another name approved in advance by the probation officer.

9.   The defendant shall provide the probation officer with his monthly cellular and home telephone bills with each monthly report form and shall report any cellular telephone he has used or owns on each report form.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 5
Defendant: CURTIS LENARDUS BELL, JR.
Case Number: 1:12-cr-279-01

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| $200.00 | -0- | -0- |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

☐ Restitution amount ordered pursuant to plea agreement:               $

☐ The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the fine.

    ☐ the interest requirement is waived for the restitution.

    ☐ the interest requirement for the fine is modified as follows:

    ☐ the interest requirement for the restitution is modified as follows:

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 6
Defendant: CURTIS LENARDUS BELL, JR.
Case Number: 1:12-cr-279-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    Lump sum payment of **$200.00** due immediately, balance due

               ☐ not later than _____, or

               ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F, below; or

B    ☐    Payment to begin immediately (may be combined with C, D, or F, below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☒    The defendant shall forfeit the defendant's interest in the following property to the United States:

        Preliminary Order of Forfeiture issued May 7, 2013.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.